Opinion issued October
27, 2011.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00659-CR

NO.
01-11-00660-CR

NO.
01-11-00661-CR

____________

 








DAVID WAYNE SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause Nos. 1280274, 1280275, and 1280276

 

 



MEMORANDUM
OPINION








          Appellant,
David Wayne Smith, pleaded guilty to three counts of the offense of aggravated
sexual assault of a child under 14 years of age.  The trial court found appellant guilty, and,
in accordance with the terms of appellant’s plea bargain agreements with the
State, sentenced appellant to 25 years’ confinement.  Appellant filed a pro se notice of appeal.  We dismiss the appeals. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record.  Tex. R. App. P.
25.2(d).

Here, the trial court’s certifications
are included in the records on appeal. See
id.  The trial court’s certifications
state that these are plea bargain cases and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  Appellant
did not appeal any pre-trial matters, and the trial court did not give
permission for appellant to appeal. The records support the trial court’s
certifications. See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we
must dismiss these appeals.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeals
for want of jurisdiction.  We dismiss any
pending motions as moot.

PER CURIAM

Panel consists of Justices Keyes, Higley, and
Massengale.

 

Do not publish. 
Tex. R. App. P.
47.2(b).